UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SHAYVONE OWENS,<br>Plaintiff,<br>v.<br>KELLY, et al.,<br>Defendants. | Case No. 2:26-cv-02686-CDS-EJY<br>**ORDER** |

Before the Court are Plaintiff's Application to Proceed *in forma pauperis* ("IFP") and Civil Rights Complaint. ECF Nos. 4, 5. Plaintiff IFP application at ECF No. 4 is granted. The subsequent IFP applications at ECF Nos. 7 and 8 are denied as moot. Plaintiff's Complaint is dismissed without prejudice and with leave to amend.

## I. Screening Standard

When screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide

more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II. Discussion**

Plaintiff's Complaint is hard to read. The print is faint and some words are impossible to decipher. However, as best as the Court can discern, Plaintiff alleges High Desert State Prison guards, who go by the names of Kelly, Bravo, and Luna, entered his cell after some kind of disagreement over his food flap. ECF No. 5 at 2-4. It appears Plaintiff was accused of "holding this flap hostage" after he was denied a shower. *Id*. at 3. After being asked "three more times" to close the flap, guards yelled and entered Plaintiff's cell using a shield that was placed on his body. *Id*. Plaintiff says "SERT Officer Luna struck" him three times in the lower lip resulting in a bad cut. *Id*. Plaintiff asserts no facts relating to Kelly or "Nurse Crystal" who are listed in the caption as defendants. *Id*. at 1. Plaintiff asserts "excessive force" and "retaliation" claims. *Id*. at 3-4.

Plaintiff's excessive force claim arises under the Eighth Amendment. This claim may proceed if facts pleaded support the conclusion that the force used was not "applied in a good faith … to maintain or restore discipline" but was instead applied "maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillan*, 503 U.S. 1, 6-7. (1992) ("we hold that whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is … whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.") (Internal citation and quote marks omitted.)

Plaintiff only pleads facts attributable to SERT Officer Luna in support of his Eighth Amendment, excessive force claim.[1] ECF No. 5 at 2-3. Luna is accused of striking Plaintiff three

[1] Rule 8 of the Federal Rules of Civil Procedure requires a complaint to plead sufficient facts to give a defendant fair notice of the claims against him and the grounds upon which it rests. *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted). Thus, in addition to the reasons stated below, the Court dismisses Plaintiff's excessive force claim against Kelly, Bravo, and Nurse Crystal for failure to plead facts sufficient to allow these defendants to respond to Plaintiff's excessive force claim.

times causing his lower lip to split and bleed. This conduct, according to Plaintiff, came on the heels of his repeated failure to close his food flap after admittedly being asked to do so more than three times. In *Rodriguez v. Elmore*, 407 Fed.Appx. 124, 125 (9th Cir. 2010), the Ninth Circuit upheld summary judgment in favor of defendants who the plaintiff accused of acting "maliciously and sadistically for the very purpose of causing harm by using spray after … [the plaintiff] and his cellmate repeatedly refused to comply with orders to exit their cell and be handcuffed so that prison officials could search their cell for a missing metal object." (Internal quote marks and citation omitted.) The court in *Rodriguez* cited the decision in *Clement v. Gomez,* 298 F.3d 898, 903-04 (9th Cir. 2002), in which the plaintiff's claims were dismissed because evidence that prison official administered pepper spray after coughing and gagging was heard from a cell did "not lead to the inference that the official used the … spray maliciously and sadistically for the very purpose of causing harm." (Internal quote marks and further citation omitted.)

These case decisions support the conclusion that Plaintiff's minimal allegations are not sufficient to support a claim of malicious or sadistic conduct. As the Court in *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986), explained: "Prison administrators ... should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." (Internal citation omitted.) Plaintiff's excessive force claim is therefore dismissed without prejudice but with leave to amend as Plaintiff may be able to plead additional facts that would support this claim.

Plaintiff's allegation of retaliation fails to state a claim. The only fact Plaintiff asserts in support of this claim is that Officer Bravo stated, "don't cuff up Owens … as he … walking to the other side of the top … unit." ECF No. 5 at 4. This allegation fails to identify a cause of action and, even though the allegation is sufficiently understood, the Court cannot discern what claim it is Plaintiff seeks to assert. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010). "[A] pleading may not simply allege a wrong has been committed and demand relief." *Sherrell v. Bank of Am., N.A.*, Case No. CV F 11-1785-LJO (JLT), 2011 WL 6749765, at *4 (E.D. Cal. Dec. 22, 2011). The pleading standard established by Federal Rule of Civil Procedure 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." *Iqbal,* 556 U.S. 678 (internal quotation omitted). For this reason, Plaintiff's retaliation claim is dismissed. However, again, because Plaintiff may be able to plead additional facts to support this claim, the Court grants leave to amend.

**III. Order**

IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. [4]) is GRANTED.

IT IS FURTHER ORDERED that the *in forma pauperis* Applications at ECF Nos. [7] and [8] are denied as moot.

IT IS FURTHER ORDERED that Plaintiff's excessive force claim, which must be pleaded under the Eighth Amendment, is dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that Plaintiff's retaliation claim is dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that Plaintiff is provided through and including **October 23, 2026** to file an amended complaint. If Plaintiff chooses to amend his Complaint the document must be titled "AMENDED COMPLAINT" and must include facts that identify the alleged wrongdoing by each named defendant. Those facts must be sufficient to plausibly state each claim (such as excessive force) asserted. Failure to plead facts that tie each defendant to alleged wrongdoing will result in a finding of a failure to state a claim and a recommendation to dismiss those defendants and or claims with prejudice.

IT IS FURTHER ORDERED that failure to timely file an amended complaint will result in a recommendation to dismiss this entire action.

Dated this 23rd day of September, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE